**Sheryl Fiske v. Pierre Boudreau**

[668 A.2d 1285]

No. 94-070

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed October 20, 1995

*Nicholas L. Hadden* and *Michael Rose* (On the Brief), St. Albans, for Plaintiff-Appellee.

*Richard A. Gadbois*, Enosburg Falls, for Defendant-Appellant.

**Gibson, J.** Defendant father appeals a Franklin Family Court order affirming a magistrate's decision awarding child support and a maintenance supplement to plaintiff mother in this parentage proceeding. We affirm.

The undisputed facts are as follows. Prior to meeting defendant, plaintiff purchased a home in Richford. The parties became intimate in 1983, but never married. In 1984, a son was born to plaintiff, and in 1986, she deeded her home to defendant as nominee in order to qualify for federal housing benefits. The parties did not live together until 1989, when they began construction of a new home in Enosburg on property owned solely by defendant. They separated in 1990, and plaintiff and son moved back into the Richford property, which was in disrepair. Plaintiff filed this parentage petition against defendant, who has acknowledged paternity. Finding a disparity between the standards of living of the parties, the magistrate concluded that plaintiff was entitled to $600 per month for child support plus a maintenance supplement of $250 if she remained in the Richford home and $550 if she chose to move out of that property. The family court affirmed the magistrate's decision, and this appeal followed.

Defendant contends first that the magistrate lacked authority to award a maintenance supplement in a parentage proceeding, because 15 V.S.A. § 661(a) limits a maintenance supplement to a "support obligation arising out of an action for divorce." The issue was not raised before the magistrate, however, or in the family court proceeding and may not be raised for the first time on appeal. See *Bell v. Bell*, 162 Vt. 192, 201, 643 A.2d 846, 852 (1994).

■ Defendant next argues that the magistrate and the family court erred in awarding a maintenance supplement in the absence of evidence that the child was experiencing a reduction in his standard of living. Defendant contests the magistrate's view of the evidence about the child's current standard of living, but his main argument is that the child lived only briefly in his household and there is no evidence of a decline in the child's living standard from the standard enjoyed during that brief period. Defendant distinguishes the divorce situation, where there is usually a history of the standard of living experienced by the child in the intact family, from the out-of-wedlock situation, where there is no such history. He urges us to set forth a separate calculus in parentage cases, based either on the child's living standard during the parents' active relationship or on the standard experienced by the child when the parentage action is brought.

Defendant's theory conflicts with 15 V.S.A. § 301, which mandates the same benefits for children "regardless of whether the child is born during marriage or out of wedlock." Moreover, 15 V.S.A. § 661(a) itself is inconsistent with defendant's theory. It directs the court to order payment of a maintenance supplement to the custodial parent "to correct *any* disparity in the financial circumstances of the parties" (emphasis added), and does not imply a less generous standard of support where the parents' relationship was brief.

■ Defendant next contends that the court erred in failing to consider the fair rental value of the Richford property, the title of which is in his name, when calculating plaintiff's gross income.[1] The record of proceedings before the magistrate does not support the argument. First, the magistrate found that equitable title to the property was disputed. Plaintiff purchased the property originally, and deeded her interest to defendant in order to qualify for federal

---

[1] Defendant actually raised a different issue before the family court, arguing that the magistrate in effect awarded the Richford house to plaintiff, an issue not raised on appeal. The economic substance of the questions is close, however, and we deem the issue as presented here to have been effectively raised in the trial court.

housing benefits. The magistrate found that the house had a fair market value of $53,000 and a rental value of $550 per month. Defendant's only contribution was a $12,000 temporary mortgage, which was later reimbursed. The balance of the purchase price was paid either by plaintiff or by the federal government under its housing program. Defendant nevertheless argues that because he is the record owner of the property, the monthly rental value should be deemed a gift to plaintiff and counted as gross income under 15 V.S.A. § 653(5)(A)(i). Despite findings indicating that defendant's claim to equitable ownership was uncertain, the court in effect credited defendant with a $300-per-month share of the fair rental value of the property, computing the maintenance supplement at $250 if plaintiff remained in the house and $550 if she did not.[2]

■ In affirming the magistrate's decision, the family court did not attempt to determine who equitably owned the Richford property, nor does it appear that such a determination is required by 15 V.S.A. § 306, which deals only with child support, visitation and custody. Defendant has not argued that a determination of ownership of the Richford property was essential to the magistrate's maintenance supplement computation. For present purposes, defendant enjoys a $300 monthly credit on account of the fair rental value of the Richford property, and that determination is more than generous to him, based on the magistrate's findings as to who contributed to the purchase of the house and payment of the mortgage on it.

■ Finally, defendant contends that the magistrate erred in assessing a maintenance supplement in the absence of any evidence as to the cost of repairs or improvements to the Richford property. Although the poor condition of the Richford house was a salient fact, the magistrate properly determined the amount of maintenance supplement under the support guidelines, based on "the financial circumstances of the parties," as specified by 15 V.S.A. § 661(a). Defendant has not demonstrated that the court abused its discretion in that regard. Should circumstances change, either party may seek a modification under § 661(c).

Plaintiff's request for attorney's fees is granted, and the matter will be remanded to family court for a determination of those fees.

---

[2]The $300 figure was based on what the court estimated would be defendant's net earnings on the house, given a gross rental of $550.

*Affirmed; cause remanded for determination of plaintiff's attorney's fees on appeal.*